IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD ALLEN,**<br><br>Petitioner,<br><br>v.<br><br>**MATTHEW CATE,**<br><br>Respondent. | Case No. 12-CV-2791-WQH-(PCL)<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE RE:**<br><br>**RESPONDENT'S MOTION TO DISMISS** |

## I.

## INTRODUCTION

Petitioner Richard Allen ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] On April 16, 2013, Matthew Cate, ("Respondent") filed a Motion to Dismiss arguing that the Petition contains unexhausted claims. [Doc. No. 14.] On May 5, 2013, Petitioner filed an opposition to that Motion. [Doc. No. 18.] The Honorable William Q. Hayes referred the matter to the undersigned judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1(c)(1)(d). After a thorough review of the pleadings and supporting documents, this Court recommends the Motion to Dismiss be **GRANTED**.

/ / /

/ / /

/ / /

## II.

## FACTUAL BACKGROUND

The following facts are taken verbatim from the California Court of Appeal's opinion:

> On November 23, 2010, Narcotics Detective Joseph Harper called appellant in a sting operation and set up a meeting to purchase $100 worth of cocaine. [Petitioner] Appellant arrived with his girlfriend at the agreed upon location and appellant and Detective Harper began talking. [Petitioner] Appellant did not recognize Detective Harper and because he did not know him, appellant refused to sell him any drugs. [Petitioner] Appellant drove away from the location and was almost immediately stopped by officers and arrested.
>
> [Petitioner] Appellant was searched at the scene and an officer felt a lump around the area of his buttocks. During a strip search at the police station officers found a plastic baggie in his pants. Detective Harper, who participated in the search, testified that the baggie smelled like cocaine base. Inside the bag were approximately 30 small rocks which Detective Harper believed was cocaine base. Detective Harper placed the cocaine base on the interview table and while he was pulling up [Petitioner] appellant's pants, [Petitioner] appellant bent himself over and started eating the bag. Detective Harper tried to stop him but [Petitioner] appellant swallowed the substance, which left a white residue around his mouth. Detective Harper used two DNA swabs to take samples of the residue.
>
> [Petitioner] Appellant began having seizures while in custody and was taken to the hospital. [Petitioner] Appellant's urine tested positive for consumption of marijuana, sedatives, and cocaine. An expert testified for the prosecution that the seizures and medical condition was most likely caused by a reaction to cocaine ingestion or overdose.
>
> A presumptive test completed by Detective Harper on one of the swabs was positive for cocaine base. Lab tests revealed the presence of cocaine base on the swab.
>
> Officers also found $265 and a cell phone in [Petitioner] appellant's clothing. The cell phone listed Detective Harper's calls in the history section and while Detective Harper was reviewing and monitoring the phone, he received two calls from a person asking to purchase $50 of cocaine.
>
> In Detective Harper's opinion [Petitioner] appellant possessed the drugs for purposes of sale.
>
> The prosecution presented evidence that in 2004, [Petitioner] appellant sold an undercover narcotics officer cocaine base, which he had hidden in a baggie in his pants.

(Lodgment 4, at 1-3.)

12-CV-2791-WQH-(PCL)

2

# III.
# PROCEDURAL BACKGROUND

On June 27, 2011, Petitioner was convicted by a jury of the following: transportation of cocaine base for sale; possession of cocaine base for sale; resisting arrest; and destroying evidence. [Doc. No. 1, at 2.] Petitioner was sentenced to 11 years in prison. (Id., at 1.) Petitioner appealed the conviction on the ground that the refusal of his request for reappointment of counsel prior to trial was in violation of the Sixth Amendment. (Lodgment 1.) On August 3, 2012, the California Court of Appeal affirmed the conviction. (Lodgment 4.) Petitioner then filed a Petition for Review in the California Supreme Court on the grounds that (1) the arrest and search and seizure of drugs was done in violation of Petitioner's Fourth Amendment rights against unreasonable searches and seizures; and (2) the withholding of *Pitchess* information violated Petitioner's right to due process. (Lodgment 5.) On October 10, 2012, the California Supreme Court denied to review the petition. (Lodgment 6.)

On November 9, 2012, Petitioner, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus seeking relief from his conviction of transportation of cocaine base for sale; possession of cocaine base for sale; resisting arrest; destroying evidence; and his subsequence sentence to eleven years in state prison, on the same two grounds that he had presented to the California Supreme Court. [Doc. No. 1.] On April 16, 2013, Respondent filed a Motion to Dismiss [Doc. No. 14] and on May 20, 2013, Petitioner filed an opposition to the Motion. [Doc. No. 18.]

///
///
///
///
///

## IV.
## DISCUSSION

Respondent seeks dismissal of this action alleging Petitioner's claims are unexhausted at the state level.

In accordance with a policy of federal-state comity, Petitioner must provide state courts with a fair opportunity to apply controlling legal principles to the facts bearing on his constitutional claims. See Picard v. Connor, 4.4 U.S. 270, 275-77 (1971). State courts must have the first opportunity to review all claims of constitutional error and prisoners seeking federal habeas corpus relief must first exhaust all state court remedies before a federal court may grant such relief. See 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 520 (1982). A petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state *courts* (emphasis added) in the manner required by the state courts, thereby "afford[ing] the state courts a meaningful opportunity to consider allegations of legal error." Casey v. Moore, 386 F.3d 896, 916 (9th Cir. 2004). As the Supreme Court stated in Baldwin v. Reese, 541 U.S. 27 (2004), before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the state with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court, thereby alerting that court to the federal nature of the claim. If a habeas corpus petition contains unexhausted claims, the federal court should dismiss the petition. See Coleman v. Thompson, 501 U.S. 722, 731 (1991).

In this case, Petitioner first appealed his conviction to the California Court of Appeal on the ground that the refusal of his request for reappointment of counsel prior to trial was in violation of the Sixth Amendment. (Lodgment 1.) When the Court of Appeal affirmed the conviction (Lodgment 4), Petitioner sought direct review from the California Supreme Court on different grounds arguing (1) the

arrest and search and seizure of drugs was done in violation of Petitioner's Fourth Amendment rights against unreasonable searches and seizures; and (2) the withholding of *Pitchess* information violated Petitioner's right to due process. (Lodgment 5.)

As stated above, the "total exhaustion rule" requires Petitioner to first present his claims before all lower state courts. Since Petitioner sought direct review from the California Supreme Court on claims not presented to the lower state courts, Petitioner's claims are unexhausted for purposes of federal review. Petitioner must first exhaust all state court remedies before this Court will consider his Federal Habeas Corpus Petition. See Rose v. Lundy, 455 U.S. 509 at 520.

Accordingly, this Court recommends Respondent's Motion to Dismiss be **GRANTED**.

## V.

## CONCLUSION

The Court submits this Report and Recommendation to United States District Judge William Q. Hayes under 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1(c)(1)(d) of the United States District Court for the Southern District of California. For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered **GRANTING** Respondent's Motion to Dismiss.

**IT IS ORDERED** that no later than **August 21, 2013,** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **September 18, 2013.** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner

v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: July 24, 2013

Peter C. Lewis
United States Magistrate Judge

cc: The Honorable William Q. Hayes
All Parties and Counsel of Record

12-CV-2791-WQH-(PCL)