UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| RICHARD ALLEN, | CASE NO. 12cv2791WQH(PCL) |
|---|---|
| Petitioner, | **ORDER** |
| vs. | |
| JEFFREY BEARD,[1] | |
| Respondent. | |

HAYES, Judge:

The matter before the Court is the review of the report and recommendation (ECF No. 25) issued by United States Magistrate Judge Peter C. Lewis recommending that Respondent's motion to dismiss the petition for writ of habeas corpus (ECF No. 14) be granted.

## BACKGROUND

Petitioner Richard Allen seeks habeas relief pursuant to 28 U.S.C. § 2254 challenging his conviction in state court. (ECF No. 1). On June 27, 2011, Petitioner was convicted by a jury of the following: transportation of cocaine base for sale; possession of cocaine base for sale; resisting arrest; and destroying evidence. *Id.* at 2.

---

[1] A writ of habeas corpus acts upon the custodian of the state prisoner. 28 U.S.C. § 2242. On December 27, 2012, Dr. Jeffrey Beard was appointed as Secretary of the California Department of Corrections and Rehabilitation by Governor Edmund G. Brown, Jr. The Court hereby **ORDERS** the substitution of Jeffrey Beard as Respondent in place of Matthew Cate. The Clerk of the Court shall modify the docket to reflect "Jeffrey Beard" as Respondent in place of "Matthew Cate, Respondent."

Petitioner was sentenced to eleven years in prison. *Id.* at 1. Petitioner appealed the conviction on the grounds that the refusal of his request for reappointment of counsel prior to trial violated the Sixth Amendment. *Id.* at 32. On August 3, 2012, the California Court of Appeal affirmed the conviction. *Id.* at 80. On September 6, 2012, Petitioner filed a petition for review in the California Supreme Court on the grounds that (1) the arrest and search and seizure of drugs violated Petitioner's Fourth Amendment right against unreasonable searches and seizures; and (2) the withholding of *Pitchess* information violated Petitioner's right to due process. *Id.* at 91. On October 10, 2012, the California Supreme Court denied the petition for review. *Id.* at 107.

On November 9, 2012, Petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus seeking relief from his June 27, 2011 conviction and his subsequent sentence to eleven years in state prison on the same grounds he had presented to the California Supreme Court: (1) the arrest and search and seizure of drugs violated Petitioner's Fourth Amendment right against unreasonable searches and seizures; and (2) the withholding of *Pitchess* information violated Petitioner's right to due process. *Id.* at 6, 10. On April 16, 2013, Respondent filed a motion to dismiss the petition for writ of habeas corpus on the grounds that Petitioner failed to exhaust his claims at the state level, since Petitioner did not raise the Fourth Amendment or due process claim before the California Court of Appeal. (ECF No. 14-1 at 8). On May 20, 2013, Petitioner filed an opposition to Respondent's motion. (ECF No. 18).

On July 24, 2013, Magistrate Judge Lewis issued a report and recommendation recommending that the Court grant Respondent's motion to dismiss. (ECF No. 25). The report and recommendation concluded that Petitioner failed to exhaust his claims at the state level in violation of 28 U.S.C. §2254(b). *Id.* at 5. On August 19, 2013, Petitioner filed an objection to the Magistrate Judge's report and recommendation. (ECF No. 27).

## DISCUSSION

The duties of the district court in connection with the report and recommendation of a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When a party objects to a report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In this case, Petitioner objected to the Magistrate Judge's report and recommendation. The Court has reviewed *de novo* all aspects of the report and recommendation filed on July 24, 2013 and adopts the report and recommendation in its entirety. The Magistrate Judge correctly found that "the 'total exhaustion rule' requires Petitioner to first present his claims before all lower state courts." (ECF No. 25 at 5). The Magistrate Judge correctly concluded that "[s]ince Petitioner sought direct review from the California Supreme Court on claims not presented to the lower state courts, Petitioner's claims are unexhausted for purposes of federal review." *Id.*

## CERTIFICATE OF APPEALABILITY

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a § 2254 habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court concludes that jurists of reason could not find it debatable whether this Court was correct in denying Petitioner's § 2254 claim. The Court denies a certificate of appealability.

## CONCLUSION

IT IS HEREBY ORDERED that the Magistrate Judge's report and recommendation (ECF No. 25) is **ADOPTED IN ITS ENTIRETY**.  Respondent's motion to dismiss (ECF No. 14) is **GRANTED**.  It is further ordered that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.  A certificate of appealability is **DENIED**.  The Clerk of the Court shall close this case.

DATED: November 5, 2013

**WILLIAM Q. HAYES**
United States District Judge